UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| EFFIE LOUISE HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:12-CV-20 |
| v. | ) | *Collier / Lee* |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is the application to Proceed *In Forma Pauperis* ("IFP Application") filed by Plaintiff Effie Louise Hayes [Doc. 1]. This matter comes before the undersigned for consideration of the IFP Application pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court.

Plaintiff has submitted a 3-page complaint and 14 pages of exhibits. Her Complaint largely appears to be handwritten reproductions of portions of the text from these exhibits, but she includes the following statement toward the end which appears to be of her own making: "(user) blotted out the written doucements the legal right of previleg of Effie Louise Hayes: Driven license: these Merciless know fully well the righteo _s: Practicing such thing are deserving of (Prison)_ _ thay not only stop doing them but consent with those practicing them by mean of the law. That the people in Union with (Jesus) in one New man of woman_ _ Make peace; a judicial directed and order Justice" (sic) [Doc. 2 at PageID#: 13]. Plaintiff's exhibits include the instructions she received for driver's license renewal, screenshots of a system apparently used to track traffic violations and fines, a violation report from Chattanooga City Court, a listing of payments made for violations, a traffic report, the citation, and the resulting judgment, and Plaintiff's application for a driver's license [Doc.

2-1].

28 U.S.C. § 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit when the litigant shows by affidavit that she is unable to pay court costs and fees. 28 U.S.C. § 1915(a); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). I do not reach the question of whether Plaintiff is indigent, however, because I recommend this action be dismissed for the reasons explained below.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), a district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See Neitzke*, 490 U.S. at 324. It is impossible to discern any legally cognizably claims or the relief Plaintiff seeks for such claims from the Complaint, as the Complaint contains no factual assertions, explanation of her claim, or a comprehensible request for relief. Instead, the Complaint is largely a reproduction of the text of Plaintiff's exhibits, which do not state a claim in and of themselves and do not signal any obvious claim. The only portion of the Complaint that appears to be Plaintiff's own statement is essentially incomprehensible; at best, after reviewing the Complaint and exhibits, I can only conclude the basis for the Complaint concerns Plaintiff's driver's license and might involve Plaintiff's challenge to a fine for a contested traffic violation or an allegation that she overpaid fines due to some sort of intentional fraud.[1] Without any assertion of facts or statement of any legal theory supporting a claim for which Plaintiff seeks relief, there is no cognizable claim for which

---

[1] The only indication of these potential claims are various notations marked on the exhibits, such as "not guilty" and "wrong" on the violation report, a reference to "intentional fraud" in her Complaint and on one exhibit, and a notation "over paided" on another exhibit.

2

Plaintiff can be granted any relief.[2]

Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[3]

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] An extremely liberal reading of the section quoted above at the end of Plaintiff's Complaint might be construed as asserting some kind of claim pursuant to 42 U.S.C. § 1983. Notwithstanding that liberal construction, Plaintiff's Complaint would still fail to assert a claim for which relief may be granted because the State of Tennessee is immune from such claims. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003).

[3] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).